```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

ZACK MCCAIN,                    )
                                )
    Plaintiff,                 )
                                )
        v.                      )    File No. 14-cv-92
                                )
COSTCO WHOLESALE CORP.;         )
JOHN DOE 1; JOHN DOE 2;         )
PATRICK GREENLET; ADAM          )
O'NEIL; TRAVIS PLOOF; CHRIS     )
O'CONNORS; DOWNS RACHLIN        )
MARTIN; MIKE SUNGUARD,          )
                                )
    Defendants.                 )

## OPINION AND ORDER

Plaintiff Zack McCain, proceeding *pro se* and *in forma pauperis*, brings this civil rights action alleging discrimination on the basis of his race. Now before the Court is a motion to dismiss filed by defendant Downs Rachlin Martin PLLC ("DRM"). DRM's motion seeks dismissal under Federal Rules of Civil Procedure 12(b)(4)-(6), arguing insufficient process, insufficient service of process, and failure to state a claim on which relief can be granted. The motion is unopposed. For the reasons set forth below, the motion to dismiss is **granted**.

## Factual Background

McCain has sued a host of defendants in this case, alleging various forms of racial discrimination. He filed his Amended Complaint on May 9, 2014, naming Macy's Retail Holdings ("Macy's") as one of the defendants and alleging discrimination

in the course of employment.  After being served with process, Macy's retained the law firm DRM to represent it.  On May 7, 2015, McCain filed a Second Amended Complaint that again includes Macy's as a party, and also names DRM as a defendant.

The allegations against DRM involve McCain's attempt to serve a copy of his response to Macy's motion to dismiss.  McCain claims that on October 1, 2014, he tried to serve his response at the DRM office in Burlington, Vermont through Attorney Eric Jones, a DRM attorney representing Macy's.  When he arrived at the DRM office, two DRM employees allegedly stated: "Are you suing us?  It's time for your to leave[.]  We're not your Attorneys.  Follow the Order!"  ECF No. 93 at 43, ¶ 196.  McCain claims that "Defendant Macy's, and [DRM] Law Firm, instructed the plaintiff to leave their premises, in retaliation for the plaintiff exercising his right to sue about race, set forth under Section 1981."  *Id.* ¶ 197.

After leaving the DRM office, McCain allegedly complained to a City of Burlington police officer.  The officer reportedly told McCain that DRM employees had a right to ask him to leave the law firm's private property.  McCain has sued the officer and the police department, in part based upon the officer's statements.

## Discussion

I.  Insufficient Process and Service of Process

DRM first moves to dismiss on the basis of improper service

2

of process.  Specifically, DRM contends that process has not been timely.  Under Fed. R. Civ. P. 4(m), a defendant must be served within 90 days after the complaint is filed.  The Second Amended Complaint, naming DRM as a defendant for the first time, was filed on May 7, 2015.  DRM contends that it still has not been served.

Because McCain is proceeding *pro se* and *in forma pauperis*, the Court has ordered the U.S. Marshals Service ("USMS") to serve all defendants.  On March 29, 2016, the Court issued an Order stating that "Summonses shall issue with respect to any and all unserved Defendants."  Two days later, a U.S. Marshal arrived at DRM's Burlington office and explained that he was trying to serve the City of Burlington.  A DRM associate who had previously represented the City in other matters informed him that she was not representing the City in this case.  The U.S. Marshal reportedly did not inform her that DRM was a party, and did not leave a copy of the Summons or Complaint.[1]

The Second Circuit has held that *pro se* litigants proceeding *in forma pauperis* are entitled to rely on service by the USMS. *Romandette v. Wheetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). Thus, "[g]ood cause under Rule 4(m) is established if the fault for failure to serve lies with the U.S. Marshals."  *Lewal v.*

---

[1] DRM submitted the associate's affidavit with its motion to dismiss.  ECF No. 172-1.

*Wiley*, 29 F. App'x 26, 28 n.2 (2d Cir. 2002); *see Stoenescu v. Jablonsky*, 162 F.R.D. 268, 270 (S.D.N.Y. 1995). Here, as discussed below, the Court finds that McCain's claims against DRM are without merit. Accordingly, while dismissal based upon improper service of process would not be appropriate given McCain's *in forma pauperis* status, the Court will not require the USMS to engage in further efforts to serve DRM.

II. <u>DRM's Unopposed Rule 12(b)(6) Motion</u>

    A. Legal Standards

Although the Court previously granted McCain an extension of time in which to oppose DRM's motion to dismiss, ECF No. 179, the motion remains unopposed. Notwithstanding the lack of an opposition memorandum, a "plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000). "Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on the merits." *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010). "Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall*, 232 F.3d at 322–23.

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Accordingly, McCain must plead facts in his complaint that "state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This facial plausibility standard requires that a plaintiff plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage. . . ."). On a motion to dismiss, the question is not whether a plaintiff is likely to prevail, but whether the well-pleaded factual allegations plausibly give rise to an inference of unlawful discrimination, *i.e.*, whether plaintiff alleges enough to "nudge[ his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Where a plaintiff is proceeding without representation, the Court is required to "construe [his complaint] broadly and interpret it to raise the strongest arguments it suggests."

5

*Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest'") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). That said, "even *pro se* plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

B. McCain's Claims

The allegations against DRM are straightforward: McCain was asked to leave the firm's private offices, and he claims that DRM employees were retaliating against him for bringing a race discrimination claim against their client. More generally, McCain claims that "all defendants" have violated his rights under the Thirteenth Amendment. ECF No. 93.

As to DRM's request that McCain leave their officers, the Supreme Court has held that the First Amendment right to free expression does not give persons the right to enter private property. *See Hudgens v. N.L.R.B.*, 424 U.S. 507, 513-17 (1976). Private property owners also enjoy a general right to exclude others. *See Dolan v. City of Tigard*, 512 U.S. 374, 384 (1994).

Moreover, to the extent that McCain is alleging discrimination under 42 U.S.C. § 1981, he must allege discriminatory intent. *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015). Even assuming the truth of McCain's claims, and drawing all reasonable inference in his favor, the fact that DRM employees required him to leave their office does not imply discriminatory intent, and does not support a constitutional claim.

Furthermore, McCain has offered no facts to support a Thirteenth Amendment claim. The Thirteenth Amendment outlaws slavery and involuntary servitude. U.S. Const. amend. XII. Involuntary servitude is a condition "'in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process.'" *McGarry v. Pallito*, 687 F.3d 505, 511 (2d Cir. 2012) (quoting *United States v. Kozminski*, 487 U.S. 931, 952 (1988)). None of McCain's factual allegations against DRM suggest any sort of servitude. Therefore, even assuming the truth of the allegations in the Complaint, there is no plausible Thirteenth Amendment claim.

## Conclusion

For the reasons set forth above, DRM's motion to dismiss for failure to state a claim under Rule 12(b)(6) is **granted**.

DATED at Burlington, in the District of Vermont, this 13th day of September, 2017.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge